UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO.: 4:23-cv-04155-AHB

DON KOMARECHKA,

    Plaintiff,

v.

CYCLEBAR KATY,

    Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT CYCLEBAR KATY, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff DON KOMARECHKA ("Plaintiff" or "Komarechka"), by and through his undersigned counsel, files this Motion for Entry of Final Default Judgment, pursuant to Fed. R. Civ. Pro. 55(b) and 58(d), against defendant CYCLEBAR KATY ("Defendant" or "Cyclebar Katy") and in support thereof states as follows:

**INTRODUCTION**

On November 2, 2023, Plaintiff initiated this action against Defendant for willful copyright infringement. [DE 1]. On November 6, 2023, Defendant was served with a copy of the summons and the complaint. [DE 6]. Defendant's deadline to answer the complaint was on November 27, 2024. The time for Defendant to answer the complaint has expired.

Plaintiff filed a Motion for Clerk's Default on November 28, 2023. [DE 8]. On March 14, 2024, the Clerk entered default as to Cyclebar Katy. [DE 9]. Defendant is in default and the requirements for a default judgment have been met. Based upon the declaration of Don Komarechka ("Komarechka Decl.") and attorney Layla T. Nguyen ("Nguyen Decl."), Plaintiff

seeks entry of default judgment for Plaintiff's claim of copyright infringement against Defendant, an award of statutory damages pursuant to 17 U.S.C. § 504, and award Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and post-judgment interest and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Defendant from further infringement.

## STATEMENT OF FACTS[1]

1. Komarechka is a nature, macro and landscape photographer located in Ontario. [DE 1 ¶ 2].

2. From auroras to pollen, insects to infrared, much of my photographic adventures reveal a deeper understanding of how the universe works. I also teach workshops on nature and macro photography as well as photographic editing and creative compositions. I have also published a number of books entitled "Macro Photography: The Universe at Our Feet" in 2021 and "Sky Crystals: Unraveling the Mysteries of Snowflakes" in 2013. My work has appeared on three-limited edition pure silver snowflake coins from the Royal Canadian Mint in 2017, 2018, and 2023. I was commissioned to shoot work for the National Geographic series "One Strange Rock." I have been featured in an episode of "The Nature of Things with David Suzuki," worked with the BBC to create the title footage for the documentary series "Forces of Nature," and was credited as macro photographer in the Discovery documentary "Mosquito." I have also appeared as on-screen talent/expert for the Discovery documentary series "Don't Blink." [DE 1 ¶ 2].

3. In 2009, Komarechka created the photograph entitled "Maple Leaf Flag," which is shown below and referred to herein as the "Work". [DE 1 ¶ 10].

---

[1] The following facts are as alleged by Plaintiff, admitted by default, and established by the evidence submitted with the Complaint.



4. The Work was created by harvesting red maple leaves in the autumn of 2008 and carefully preserving them with a process that covers them with wax. This was needed to ensure their viability when the perfect external conditions were present: fresh snowfall, sun, zero wind. The leaves were then meticulously arranged in a shape resembling the national flag of Canada. A polarizing filter was utilized to remove glare off the surface of the waxed leaves to achieve the perfect balance of reflection and depth. Some blemishes were intentionally allowed to remain in the final Work due to part of the intended messaging that nothing is perfect. [Komarechka Decl. ¶ 4].

5. Komarechka registered the Work with the Register of Copyrights on December 2, 2015, and was assigned registration number VA 1-982-107. The Certificate of Registration is attached to the Complaint as Exhibit 1. [DE 1 ¶ 11]; [Komarechka Decl. ¶ 5].

6. At all relevant times Komarechka was the owner of the copyrighted Work at issue in this case. [DE 1 ¶ 13]; [Komarechka Decl. ¶ 5].

7. On a date after the Work at issue in this action was created, but prior to the filing of this action, CycleBar Katy copied the Work. [DE 1 ¶ 15]; [Komarechka Decl. ¶ 9].

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

8. CycleBar Katy copied Komarechka's copyrighted Work without Komarechka's permission. [DE 1 ¶ 17]; [Komarechka Decl. ¶ 11].

9. After CycleBar Katy copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its regular business activities. [DE 1 ¶ 18]; [Komarechka Decl. ¶ 12].

10. CycleBar Katy copied and distributed Komarechka's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services. [DE 1 ¶ 18]; [Komarechka Decl. ¶ 13].

11. On or about December 29, 2022, Komarechka discovered the unauthorized use of his Work on the Website. CycleBar used the Work on both their Facebook and Instagram pages. [DE 1 ¶ 16]; [Komarechka Decl. ¶ 10].

12. Komarechka never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case. [DE 1 ¶ 22]; [Komarechka Decl. ¶ 16].

13. Komarechka notified CycleBar Katy of the allegations set forth herein on January 23, 2023 and February 9, 2023. To date, the parties have failed to resolve this matter. [DE 1 ¶ 23]; [Komarechka Decl. ¶ 17].

14. On November 3, 2023, Plaintiff served CycleBar Katy's registered agent with its Summons and a copy of the complaint. [DE 6]; [Komarechka Decl. ¶ 18].

15. The Clerk of the Court entered a default against CYCLEBAR KATY on March 14, 2024. [DE 9].

## MEMORANDUM OF LAW

I. **LEGAL STANDARD**

The standard to be applied by a district court in considering a default judgment is stated in Rule 55(b)(2) of the Federal Rules of Civil Procedure:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>    (A) conduct an accounting;
>    (B) determine the amount of damages;
>    (C) establish the truth of any allegation by evidence; or
>    (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

Defendant's violations are uncontested by default. Even after a proper entry of default, the Court must decide whether there is a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true." *Id*. (*quoting Thomson v. Wooster*, 114 U.S. 104, 113 (1885)). The Court deems the well-pled facts of the complaint as well as undisputed facts set forth by the moving party in affidavits and exhibits to be accepted as true. *See G&G Closed Circuit Events, LLC v. Austin Trout Fight Program*, 2015 U.S. Dist. LEXIS 156672 (W.D. Tex. Nov. 19, 2015).

## II.  ARGUMENT

### A. The Undisputed Facts Demonstrate Defendant's Violation of The Copyright Act, 17 U.S.C. § 501

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§

106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

1. <u>Komarechka Owns a Valid Copyright for the Work</u>

Komarechka's copyright is entitled to protection. Komarechka registered the Work pursuant to 17 U.S.C. § 411(a) and was issued a Certificate of Registration, Registration Number VA 1-982-107, as of December 2, 2015. [DE 1, Exhibit 1, and Komarechka Decl. ¶ 4]. "Under § 410(c), the certificate is *prima facie* evidence of the validity of the copyright." *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 549 (5th Cir. 2015). Komarechka owns a valid and protectable copyright and is entitled to the presumption of validity of the copyright for the Work and all facts stated in the copyright certificate under 17 U.S.C. § 401(c).

The Work at issue is original and an "expressive pictorial, graphic, and sculptural works" that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). The definition of pictorial, graphic, and sculptural works is:

> "Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article,
>
> as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101.

The Work incorporates pictorial, graphic, or sculptural features as defined by 17 U.S.C. § 101 because it is a photograph. Komarechka's photography results in an original pictorial, graphic, or sculptural Work and should be seen as *prima facie* valid following 17 U.S.C. § 401(c).

2. <u>Defendant Copied the Work</u>

The copying element of an infringement claim has two components. *See Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01[B] (2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. *Id*. Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Id*. Here, Komarechka has produced documents at Exhibit 2 to the Complaint showing Defendant's copying [DE 1] and Defendant has been found in default by the Clerk of the Court. [DE 9]. There is no factual or subjective issue of "substantial similarity" here, because the Work in question is a whole photograph. The copies made by Defendant were exact copies and the entire image was taken. [DE 1] Thus, copying is indisputably shown.

**B. A FINAL DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT FOR ITS VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 501**

Rule 55 mandates a two-step process. *See Jefferson v. La. Dep't of Pub. Safety & Corrs*., 401 Fed. Appx. 927, 929 (5th Cir. 2010). Plaintiff must first receive an entry of default under Rule 55(a) and then apply for default judgment under Rule 55(b). *Id*. Komarechka received an entry of default pursuant to Rule 55(a) on April 15, 2021. [DE 9]. Komarechka now seeks a final default judgment under Rule 55(b).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment against a party in default who has failed to plead in response to a complaint. In defaulting under Rule 55(a), the defendant admits the plaintiff's well-pleaded allegations of fact.

Komarechka sufficiently pled a cause of action against Defendant for its violation of the Copyright Act, 17 U.S.C. § 501. [DE 1]. Because a default was entered against Defendant, it has admitted to all of Komarechka's well-pleaded allegations, including the Plaintiff's ownership of a valid copyright in the Work, Defendant's copying of the Work without permission or authorization, and Defendant's removal of copyright management information. [DE 1]. Komarechka is entitled to a final default judgment against Defendant as a matter of law.

### C. THIS COURT SHOULD AWARD STATUTORY DAMAGES PURSUANT TO 17 U.S.C. § 504

1. <u>Statutory Damages for Violation of 17 U.S.C. § 504</u>

A copyright owner is entitled to recover statutory damages pursuant to 17 U.S.C. 504(c). 17 U.S.C. § 504(a)(2). Statutory damages are for "sum of not less than $750 or more than $30,000 as the Court considers just. 17 U.S.C. § 504(c)(1). In a case where the copyright owner finds that the infringement was willful, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2). A claim for willful copyright infringement requires a showing that the defendant knowingly or recklessly infringed on a plaintiff's copyright. *Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143 *12 (W.D. Tex. May 3, 2011) (*citing Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 278 (6th Cir. 2009)).

An award of statutory damages is particularly appropriate in the default judgment context "because a defaulting party has information needed to prove actual damages." *Barnstormers, Inc. v. Wing Walkers*, LLC, 2011 U.S. Dist. LEXIS 47143 *14 (W.D. Tex. May 3, 2011) (citing *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 8 (D.D.C. 2008)). In determining an award for statutory damages, courts look to factors including "(1) expenses saved and profits reaped by the infringing party, (2) revenues lost by the copyright holder, and (3) whether the infringing party

acted willfully." *Id*. The purpose of the increased level of damages are to punish the defendant's willful behavior and deter future infringement. *Lance v. Freddie Records*, Inc., 986 F.2d 1419 at *2 (5th Cir. 1993); *See also* H.R. Rep. No. 106-216, at 6 (1999) ("Courts and juries must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws.").

When an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of two to three times actual damages "to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant." *See Barnstormers, Inc. v. Wing Walkers*, LLC, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011); *Cynthia Hunt Prods. Ltd. v. Evolution of Fitness Houston Inc.*, 2007 U.S. Dist. LEXIS 77630 *6 (S.D. Tex. Oct. 18, 2007).

However, "actual damages" are not defined in the statute and the damages "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *On Davis v. The Gap, Inc*., 329 F. 3d 152, 159 (2d Cir. 2001). The fair market value approach is generally accepted and there is no authority requiring the actual damages to comport exactly with the past licensing fees. *See Loiseau v. Stemtech Int'l, Inc*., 834 F.3d 376 (3d Cir. 2016) ("Stemtech asks us to use the past licensing fee method but cites no authority requiring the use of this method as opposed to the fair market value approach, and case law on this subject supports using the fair market value."); *See On Davis*, 246 F. 3d at 166 ("The question is not what the owner would have charged, but rather what is the fair market value.").

Specifically, the court will instead look to the actual damages and willful conduct and award a multiplier to the actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant. *See Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the Defendant would have paid to be licensed is a modest, just and appropriate award under section 504(c)"); See also Barnstormers, Inc. v. Wing Walkers, LLC, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. v. Evolution of Fitness Houston Inc.*, 2007 U.S. Dist. LEXIS 77630 *6 (S.D. Tex. Oct. 18, 2007).

Willfulness may be inferred by way of defendant's default alone. *See Sony Music Entm't. V. Casette Prods.*, 1996 U.S. Dist. LEXIS 21552 *11 (D.N.J. Aug. 16, 1996); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, 2004 U.S. Dist. LEXIS 12760 * 8 (S.D.N.Y. Jul. 9, 2004); *Miche Bag, LLC v. Ayers*, 2010 U.S. Dist. LEXIS 130663 *10 (D.S.C. Sept. 22, 2010). Courts have applied multipliers of actual damages on willful infringements to determine appropriate statutory damages. *See Barnstormers, Inc. v. Wing Walkers*, LLC, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. V. Evolution of Fitness Houston Inc*., 2007 U.S. Dist. LEXIS 77630 *6 (S.D. Tex. Oct. 18, 2007).

The owner of personal property may always testify to its value. *Universal Pictures Co. v. Harold Lloyd Corp*., 162 F.2d 354, 369 (9th Cir. Cal. 1947). Here, Komarechka attested that the actual damages suffered were $4,000 in lost revenue from licensing fees for the copied Work.

[Komarechka Decl. ¶ 18]. Plaintiff typically licenses an image similar to the Work to an entity such as CycleBar Katy for approximately $2000 for a commercial, non-exclusive display on social media with archive rights, for a single post per social media channel. Defendant has posted the image twice, on Facebook and Instagram media channel, which Plaintiff estimates to be a total of $4000.00 licensing fee.

The typical licensing fee value of $4,000 is supported by facts set forth in the plaintiff's declaration. Significant technical expertise was required to make the Work. [Komarechka Decl. ¶ 4]. The Work was created by harvesting red maple leaves in the autumn of 2008 and carefully preserving them with a process that covers them with wax. This was needed to ensure their viability when the perfect external conditions were present: fresh snowfall, sun, zero wind. The leaves were then meticulously arranged in a shape resembling the national flag of Canada. A polarizing filter was utilized to remove glare off the surface of the waxed leaves to achieve the perfect balance of reflection and depth. Some blemishes were intentionally allowed to remain in the final Work due to part of the intended messaging that nothing is perfect. *Id.*

Beyond the license fee, as a result of Defendant's infringement, the Work has lost significant value. (Komarechka Decl. ¶ 23). Defendant publicly disseminated a copies of the Work, which could be accessed and downloaded by others from its websites, without obtaining a license from Komarechka. *Id.* As a result, The Work has lost significant value to its scarcity and exclusivity. *See Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times multiple of the benchmark because of the scarcity factor).

Further, Defendant refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify other potential uses of the work, and exactly how long

Defendant used Plaintiff's Work for its own commercial purposes. Similarly, Defendant's refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to Defendant's infringing uses of Plaintiff's Work that is recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses.

Based upon the above and the Declaration of Don Komarechka, Komarechka seeks an award of statutory damages in the amount of $64,000.00. This is based on a calculation of a four times willful multiplier on the estimated actual damages of $16,000.00.

2. Permanent Injunction

"Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. A copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a). *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555, (10th Cir. 1996). Here, past infringement is uncontested by default. [DE 9]. Without a permanent injunction, Defendant may again infringe on Komarechka's copyright and use, display, and distribute its photographs without its permission.

3. Costs and Reasonable Attorney's Fees

Costs and reasonable attorney's fees are also recoverable at the Court's discretion under 17 U.S.C. § 505. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987). Although this Court has full discretion regarding these fees, attorney's fees awards are "the rule rather than the exception and should be awarded routinely." *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008).

To be awarded attorney's fees and costs under Section 505 of the Copyright Act and Federal Rule of Civil Procedure 54, the party seeking fees must be the prevailing party. *Howard v. Weston*, 354 Fed. Appx. 75, 77 (5th Cir. 2009). To become a prevailing party, a plaintiff must obtain an actual relief on the merits of the claim. *Farrar v. Hobby*, 506 U.S. 103, 116 (1992).

In this case, a default judgment in favor of Komarechka awarding statutory damages would satisfy the prevailing party requirement. A default judgment is considered a judgment on the merits that conclusively establishes the defendant's liability. *United States use of M-Co Constr., Inc. v. Shipco General, Inc*., 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TransWorld Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971)).

Komarechka was forced to incur litigation costs and fees as a result of Defendant's refusal to respond to Komarechka's notice of infringement and Komarechka's Complaint. The Copyright Act provides a remedial measure designed to compensate plaintiffs in Komarechka's position for the costs incurred in pursuing this type of case. *See Lieb v. Topstone Indus.*, 788 F.2d 161 (3d Cir. 1986); *Diamond Star Bldg. Co. v. Freed*, 30 F.3d 503 (4th Cir. 1994); *Cynthia Hunt Prods. Ltd. V. Evolution of Fitness Houston, Inc.*, 2007 U.S. Dist. LEXIS 77630 (S.D. Tex. Oct. 18, 2007).

Attached is a Declaration from Layla T. Nguyen, counsel for Komarechka in this matter, in support of this Motion providing the basis for Komarechka's request for reasonable costs and attorney's fees. [Nguyen Decl. ¶¶ 1-13].

Komarechka has incurred costs of $537.00 in pursuit of this case. [Nguyen Decl. ¶ 3]. This figure includes $135.50 for process service and $400 in filing fees. [Nguyen Decl. ¶ 4]. In addition to these costs, Komarechka has incurred $2997.50 in attorney's fees. [Nguyen Decl. ¶ 5]. An invoice is attached as an exhibit to the Nguyen Declaration showing a fee calculation using the lodestar method. [Nguyen Decl. ¶ 6, Ex. 1].

When attorney's fees are authorized by statute, as they are under the Copyright Act, the district court must apply the "lodestar" method. *Christus Health Care Sys. V. Am. Consultants RX, Inc.*, 2014 U.S. Dist. LEXIS 34874 *14 (W.D. Tex. Mar. 18, 2014) (citing *Kiva Kitchen & Bath, Inc. v. Capital Distributing, Inc.*, 681 F. Supp. 2d 807, 813 (S.D. Tex. 2010) and *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). Though this matter was uncontested and resulted in a default, considerable time was spent investigating the factual circumstances of the matter, drafting the notice letter to Defendant, drafting the Complaint in this matter, obtaining the Default, and drafting the Default Motions and corresponding Declarations. [Nguyen Decl. ¶ 7].

Layla Nguyen has a billing rate of $350 per hour and expended 5.30 hours on this matter. [Nguyen Decl. ¶ 8]. Former associate Craig Wirth had a billing rate of $395 per hour and expended 1.30 hours on this matter. [Nguyen Decl. ¶ 9]. Paralegal Rebecca Pollack has a billing rate of $200 per hour and expended 3.10 hours on this matter. [Nguyen Decl. ¶ 10]. Legal Assistant/Client Service Liaison Tyler Unfer has a billing rate of $175 per hour and expended 0.20 hours on this matter. Following the required lodestar method of multiplying the per hour billing rate times the number of hours expended in the matter, the total amount of attorney's fees is $ 2,997.50 [Nguyen Decl. ¶ 12]. These fees are reasonable because they reflect the market rate for services of similar quality and nature in the local area. [Nguyen Decl. ¶ 13].

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests entry of a final judgment in favor of Plaintiff in a separate document to be entered in the civil docket. Plaintiff prays for a judgment that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, are permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §501; and

b. Defendant pay Plaintiff statutory damages as provided in 17 U.S.C. § 504(c) in the amount of $64,000.00; and

c. Defendant pay Plaintiff's reasonable costs and attorney's fees as provided in 17 U.S.C. § 505 in the amount of $2,997.50.

Dated: May 23, 2024

*Respectfully submitted*,

*/s/ Layla T Nguyen*
LAYLA T. NGUYEN
S.D. of Texas Federal ID: 3828329
Layla.nguyen@sriplaw.com
**SRIPLAW**
21301 Powerline Road,
Suite 100
Boca Raton, FL 33433
(561) 404-4350 - Telephone
(561) 404-4353 - Facsimile