UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DON KOMARECHKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04155 |
| | § | |
| CYCLEBAR KATY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff's Original Complaint (Doc. #1), the Clerk's Entry of Default (Doc. #9), and Plaintiff's Motion for Default Judgment (Doc. #12). Defendant has not filed a response. Having reviewed the parties' arguments and applicable law, the Court grants Plaintiff's Motion in part.

**I.   Background**

    **a.   Factual Background**

Don Komarechka (the "Plaintiff") is a landscape photographer located in Ontario, Canada. Doc. #1 ¶ 2. CycleBar Katy (the "Defendant") is a cycling studio. *Id.* ¶ 3. In 2009, Plaintiff created the photograph shown below, entitled "Maple Leaf Flag" (the "Work"). *Id.* ¶ 10.



On December 2, 2015, Plaintiff registered the Work with the Register of Copyrights and was assigned Registration Number VA 1-982-107. Doc. #1, Ex. 1. On or about December 29, 2022, Plaintiff discovered Defendant had copied the Work to Defendant's Facebook and Instagram pages to promote Defendant's cycling studio. Doc. #1 ¶ 16.

 

Doc. #1, Ex. 2.

Defendant did not have license or permission to copy, distribute, or display the Work on Defendant's social media pages for promotional purposes. Doc. #12, Ex. 1 ¶¶ 8, 16. Plaintiff testifies that he notified Defendant of the infringement on January 23, 2023, and February 9, 2023. *Id.* ¶ 17.

### b. Procedural Background

On November 2, 2023, Plaintiff filed its Complaint against Defendant, asserting copyright infringement under the Copyright Act, 17 U.S.C. § 501. Doc. #1. Defendant was properly served with the Summons and Complaint on November 6, 2023. Doc. #6. The Clerk entered default against Defendant on March 14, 2024. Doc. #9. Defendant has failed to plead or otherwise defend itself against the allegations in the Complaint. Plaintiff now moves for a default judgment against Defendant under Federal Rule of Civil Procedure 55(b). Doc. #12.

## II. Legal Standard

Courts may enter default judgment where an opposing party fails to plead or otherwise defend as required by law, and the defendant's default has been entered by the clerk of court. FED. R. CIV. P. 55(b)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). Thus, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true. Put another way, the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (cleaned up). Additionally, damages are not assumed to be true and must be proven through documentary evidence, affidavits, or, if necessary, testimony at a damages hearing. *Fitzgerald v. Harris Cty. Sheriffs Off.*, No. CV H-15-1330, 2018 WL 2046969, at *3 (S.D. Tex. May 1, 2018).

Thus, "[d]etermining the propriety of default judgment is itself a three-step process." *Travelers Cas. & Sur. Co. of Am. v. HighMark Constr. Co., LLC*, No. 7:16-CV-00255, 2018 WL 4334016, at *2 (S.D. Tex. May 18, 2018). The Court must (1) "determine if default judgment is procedurally proper," (2) "determine whether the plaintiff's claims are substantively meritorious," and (3) "determine whether the requested relief is appropriate." *Id.*

3

### III. Analysis

#### a. Default Judgment is Procedurally Proper

The Court must first determine whether default judgment is procedurally proper. Courts consider six factors in this analysis: (1) "whether material issues of fact are at issue," (2) "whether there has been substantial prejudice," (3) "whether the grounds for default are clearly established," (4) "whether the default was caused by a good faith mistake or excusable neglect," (5) "the harshness of a default judgment," and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, no facts are in dispute because Defendant has failed to respond. *See Hancock Whitney Bank v. ECS Exec. Corp Servs.*, No. 4:21-CV-00932, 2022 WL 1211375, at *3 (S.D. Tex. Apr. 25, 2022). Moreover, "Defendant's failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). The grounds for default are also clearly established, as Defendant has failed to plead or otherwise defend this case. Moreover, there is no indication that Defendant's default was caused by a good faith mistake or excusable neglect. And given that this case has been pending for more than a year, Defendant "has had ample time to answer, mitigating the harshness of a default judgment." *Id.* Finally, the Court is not aware of any facts that would establish good cause to set aside the default on Defendant's motion. Thus, all factors indicate that default judgment is procedurally proper.

#### b. Plaintiff's Claim is Substantively Meritorious

Next, the Court must evaluate whether Plaintiff's claim for copyright infringement is meritorious. Defendant, "by [its] default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co.*, 515 F.2d at 1206. However, the Court must still "review the pleadings to

4

determine the substantive merits of [Plaintiff's] claims for relief." *Hancock Whitney Bank*, 2022 WL 1211375, at *3.

To state a claim for copyright infringement under 17 U.S.C. § 501(a), Plaintiff must establish: (1) the Work is original and Plaintiff is the owner or author of the Work, (2) Plaintiff complied with all formalities required to secure a copyright under Title 17, (3) Plaintiff is the proprietor of the copyright of the Work, (4) the Work was displayed publicly, and (5) Defendant had not received permission from Plaintiff to use the Work. *Fermata Int'l Melodies v. Champions Golf Club*, 712 F. Supp. 1257, 1259 (S.D. Tex. 1989), aff'd, 915 F.2d 1567 (5th Cir. 1990).

As outlined in the Complaint, Defendant displayed Plaintiff's copyrighted Work on Defendant's commercial social media pages without Plaintiff's permission or authorization. Doc. #1 ¶¶ 25–28. Plaintiff has presented a copy of his copyright, meeting the first, second, and third elements of a copyright infringement claim. Doc. #1, Ex. 1. As to the fourth element, Defendant displayed the Work publicly on its social media pages. Doc. #1, Ex. 2. Finally, Plaintiff alleges Defendant was not authorized to use the copyrighted Work, satisfying the fifth element. Doc. #12, Ex. 1 ¶¶ 8, 16. Accordingly, Plaintiff's copyright infringement claim is substantively meritorious.

### c. Relief is Appropriate

Having found that default judgment should be granted in favor of Plaintiff, the Court must next determine the appropriate relief. "Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. However, when the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, . . . a hearing is unnecessary." *H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *4.

In his Complaint, Plaintiff seeks the following relief: (1) a permanent injunction, (2)

statutory damages, (3) attorney's fees, and (4) pre-and post-judgment interest. Doc. #1 ¶ 31. The Court will address each of these requests in turn.

### 1. Injunctive Relief

Plaintiff requests the Court enter a permanent injunction against Defendant. *Id.* Specifically, Plaintiff seeks an order enjoining Defendant and all persons who are in active concert with Defendant from continuing to infringe on Plaintiff's copyrighted Work. Doc. #12 at 15. Under Section 502(a), a court may grant a permanent injunction on terms it finds reasonable to prevent or restrain copyright infringement. 17 U.S.C. § 502(a). For a permanent injunction, a party must demonstrate: (1) actual success on the merits, (2) no adequate remedy at law, (3) that the threatened injury outweighs any damage to the defendant, and (4) that the injunction will not disserve the public interest. *See DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). All four factors weigh in favor of granting a permanent injunction.

As detailed above, Plaintiff has succeeded on the merits against Defendant. *Supra* p. 4–5. Moreover, monetary damages are inadequate because the full extent of Defendant's distribution cannot be measured. *See Epic Tech, LLC v. Lara*, No. 4:15-CV-01220, 2017 WL 5903331, at *8 (S.D. Tex. Nov. 29, 2017). Additionally, without an injunction preventing further infringement, Plaintiff remains vulnerable to continued violations of his copyright. The injunction also does not impose an undue burden on Defendant, as it merely requires compliance with the law. Finally, upholding Plaintiff's copyright protections serves the public interest.

The Court finds that Plaintiff has shown he is entitled to injunctive relief based on Defendant's alleged violations of federal copyright law. Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by Plaintiff, rather than to enjoin all possible breaches of the law. FED. R. CIV. P. 65(d); *see Daniels Health Sciences, L.L.C. v. Vascular Health*

*Sciences, L.L.C.*, 710 F.3d 579, 587 (5th Cir. 2013). The Court has reviewed the injunction Plaintiff proposes and finds that it is not overbroad. The proposed injunction merely enjoins Defendant from engaging in further offending conduct. Accordingly, the Court grants Plaintiff's request for a permanent injunction.

### 2. Statutory Damages

The Copyright Act allows a plaintiff alleging copyright infringement to recover statutory damages in an amount between $750 and $30,000 per infringement with respect to any one work as the court deems just, in lieu of actual damages and profits at any time before final judgment. 17 U.S.C. § 504(c)(1). If the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has "virtually unfettered" discretion to set an amount it considers just within the statutory range. *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012). In copyright infringement cases, statutory damages should be awarded in an amount sufficient to deter future copyright infringement by making compliance less costly than violation. *EMI Apr. Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008); *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) ("Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct.").

In his motion for default judgment, Plaintiff alleges that Defendant acted willfully and seeks $64,000 in statutory damages. Doc. #12 at 15. Plaintiff argues that he typically licenses images similar to the Work for $2,000 per commercial post on social media. Doc. #12 at 11. Because Defendant posted the Work twice, once on Facebook and Instagram, Plaintiff alleges he suffered $4,000 in lost licensing fees. *Id.* Plaintiff further argues that Defendant's infringement

7

caused the Work to lose scarcity value because anyone could download the Work from Defendant's social media pages without first obtaining a license. *Id.* at 14. Plaintiff contends that this scarcity factor, combined with Defendant's failure to participate in discovery, justifies an increase in damages to $16,000. *Id.* at 11–12. Finally, Plaintiff asks the Court to apply a four times willful multiplier, bringing the total requested statutory damages to $64,000. *Id* at 12.

Plaintiff contends that Defendant acted willfully by virtue of its default. *Id.* at 10. While the Copyright Act does not define the term "willful," according to the Fifth Circuit, a defendant acts "willfully" within the meaning of the Act when the infringer "knows his actions constitute an infringement," even if the actions were not malicious. *See Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988). Here, Plaintiff has not provided any evidence that Defendant was aware its actions constituted infringement. Plaintiff has also not shown that Defendant continued to display the Work after Plaintiff made Defendant aware of the infringement. Accordingly, the Court finds no basis for a willfulness multiplier.

The Court concludes that an award based on Plaintiff's proposed licensing fee, without a willfulness enhancement, is appropriate and would serve the deterrent purpose of statutory damages. *See Sadowski v. Tex. Insider, Inc.*, No. 1-23-CV-00064-DAE, 2023 WL 3848392, at *4 (W.D. Tex. June 5, 2023), *report and recommendation adopted*, No. 1:23-CV-64-DAE, 2023 WL 4759304 (W.D. Tex. July 26, 2023) (using past licensing fees to guide the statutory damages determination). The Court concludes that $4,000 ($2,000 per infringing use) is sufficient to compensate Plaintiff, penalize Defendant for its conduct, and deter Defendant and similar businesses from engaging in this type of infringement.

### 3. Attorney's Fees and Costs

Plaintiff also seeks to recover his reasonable and necessary attorney's fees and costs. Doc. #12 at 12–14. A plaintiff in a copyright infringement suit may recover full costs and reasonable attorney's fees. 17 U.S.C. § 505. Courts have discretion to award attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Courts consider the *Fogerty* factors when deciding to award attorney's fees, including the "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535. Fee awards in copyright infringement cases are the rule rather than the exception and should be awarded routinely. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004).

As the prevailing party, Plaintiff is entitled to reasonable attorney's fees and costs incurred in bringing this lawsuit pursuant to 17 U.S.C. § 505. The Court finds that Plaintiff has established that he has reasonably incurred $2,997.50 in attorneys' fees and $537.50 in litigation costs, for a total of $3,535.00. Doc. #12, Ex. 3. Accordingly, the Court grants these fees and costs in full.

### 4. Interest on the Judgment

Plaintiff requests pre-judgment and post-judgment interest on his monetary judgment. Doc. #12 at 2. The Copyright Act does not specifically authorize an award of pre-judgment interest. *Malibu Media, LLC v. Gonzales*, No. CV H-16-2406, 2017 WL 2985641, at *6 (S.D. Tex. July 13, 2017). Additionally, the Southern District of Texas has consistently denied pre-judgment interest under 17 U.S.C. § 504(c). *See, e.g., Malibu Media, LLC*, 2017 WL 2985641, at *6. *Granville v. Suckafree Records*, Inc., No. H-03-3002, 2006 WL 2520909, at *5 (S.D. Tex. June 28, 2006); *Blackmer v. Monarch Holdings (USA), Inc.*, No. H-00-4290, 2002 WL 32361935, at *5 (S.D. Tex. July 11, 2002). Accordingly, the Court will not award pre-judgment interest.

9

However, Plaintiff is entitled to recover post-judgment interest in accordance with 28 U.S.C. § 1961(a). The current post-judgment interest rate is 4.2%.[1] Thus, Plaintiff will recover post-judgment interest at the rate of 4.2% per annum, beginning on the day judgment is entered and ending on the day judgment is satisfied.

### IV.   Conclusion

In conclusion, the Court hereby GRANTS IN PART Plaintiff's Motion for Default Judgment and enters default judgment against Defendant. Doc. #12.

The Court further ORDERS:

- Plaintiff shall recover copyright statutory damages under 17 U.S.C. § 504(c) from Defendant in the amount of $4,000.00.

- Plaintiff shall recover reasonable attorney's fees from Defendant in the amount of $2,997.50.

- Plaintiff shall recover litigation costs from Defendant in the amount of $537.50.

- Plaintiff is entitled to recover post-judgment interest at an annual rate of 4.2% beginning the day this judgment is entered and ending the day this judgment is satisfied.

It is so ORDERED.

**FEB 2 7 2025**
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[1] United States District Court for the Southern District of Texas, *Post-Judgment Interest Rates* (February 21, 2025), https://www.txs.uscourts.gov/page/post-judgment-interest-rates.